FILED

2024 Oct-29  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANTHONY MARKEL CRAIG, JR.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:24-CV-431-RDP** |
| | } | |
| **TITLE MAX OF ALABAMA, INC.,** | } | |
| | } | |
| **Defendant.** | } | |
| | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Defendant TitleMax of Alabama, Inc.'s ("Defendant")
Motion for Judgment on the Pleadings or, in the Alternative, Motion to Compel Arbitration. (Doc.
# 27). The Motion has been fully briefed (Docs. # 27, 28, 29, 30, 36, 37, 38) and is ripe for review.
After careful consideration, the court concludes that Defendant's Motion is due to be granted in
part.

## I.      Background

On April 10, 2024, Plaintiff Anthony Markel Craig, Jr. ("Plaintiff") filed this pro se action
against Defendant asserting claims of copyright infringement and contract fraud. (Doc. #1). In his
Complaint, which is styled as a "Summons in a Civil Action," Plaintiff appears to allege that he
entered into a contract with Defendant and that Defendant did not release Plaintiff's vehicle title
in accordance with the terms of the Contract. (*Id.* ¶ II) ("TITLE MAX OF ALABAMA INC IS
HOLDING THE CAR TITLE THAT HAS A CLAIM ON IT."). The complaint contains other
allegations that are difficult for the court to decipher. For instance, Plaintiff alleges that "Three
notices were delivered . . ." and lists the "certificated mail number" for each of the notices. (*Id.*).

But, Plaintiff fails to allege what these notices are or how they relate to the case. He also asserts that "[c]omplaints have been filed with the CFPB. No action was delivered by the CFPB," and "[t]he plaintiff billed the defendant for $15,000,000.00 for copyright infringement. No response and a notice of fault was issued." (*Id.*). Plaintiff provides no other information related to either the copyright claim or contract fraud claim.

On July 16, 2024, Defendant filed an answer denying Plaintiff's allegations. (Doc. # 13). In its answer, Defendant admits that it entered into a Pawn Ticket and Security Agreement for $900 with Plaintiff (*id.* ¶ 4) and asserts that it has a valid lien on Plaintiff's vehicle. (*Id.* ¶ 7). However, Defendant denies that the contract was paid in full, and instead contends that Plaintiff sought an additional title pawn after his initial title pawn was not paid. (*Id.* ¶ 5). In addition to denying any copyright infringement or contract fraud, Defendant also avers that it does not understand many of Plaintiff's allegations. (*See id.* ¶¶ 7-13).

Following Defendant's answer, Plaintiff filed a response.[1] (Doc. # 20). Plaintiff's response is equally hard to decipher. Generally, he denies that a loan was issued or that the contract was valid, arguing "[n]othing tangible was exchanged." (*Id.* ¶¶ 4-6). He also argues that he was "under no duty to perform with Title Max of Alabama Inc." and that "[t]he defendant will pay the plaintiff security interest for holding the plaintiff Title/Bond." (*Id.* ¶¶ 14-15).

## III.   Standard of Review

Since filing its Motion (Doc. # 27), Defendant has filed a Notice of Limited Arbitration Waiver (Doc. # 35), waiving its right to arbitrate Plaintiff's claims in this case for the limited purpose of permitting the court to rule on its Motion for Judgment on the Pleadings. For this reason, the court only considers the standard for judgment on the pleadings.

---

[1] Styled as "Respondents To Answer."

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. The standard is a familiar one. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001); *see Bank of New York Mellon v. Estrada*, 2013 WL 3811999, at *1 (N.D. Ill. July 22, 2013) ("A Rule 12(c) motion for judgment on the pleadings is 'designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice.'" (citations omitted)). The court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *Cannon*, 250 F.3d at 1301.

A Rule 12(c) motion for judgment on the pleadings is analyzed in the same way as a Rule 12(b)(6) motion to dismiss. *Griffin v. SunTrust Bank, Inc.*, 157 F. Supp. 3d 1294, 1295 (N.D. Ga. 2015). Accordingly, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted); *see also Losey v. Warden*, 521 F. App'x 717, 719 (11th Cir. 2013) (applying the plausibility standard articulated in *Iqbal* to an appeal concerning a Rule 12(c) judgment on the pleadings).

A complaint states a plausible claim for relief "when [a] plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed facts are not needed, a plaintiff is obligated to provide as grounds for entitlement to relief more than mere labels and conclusions. *Id.* Formulaic recitations of the elements of a cause of action do not satisfy a plaintiff's burden. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by

3

factual allegations." *Id.* at 679.  A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The court recognizes that Plaintiff is appearing pro se, that filings by pro se litigants are to be more leniently construed, and that such litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, notions of leniency do not excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## IV.    Analysis

In its motion for judgment on the pleadings, Defendant argues that both Plaintiff's copyright claim and contract fraud claim fail as a matter of law.  (Doc. # 27 at 1). The court agrees and addresses each of Plaintiff's claims below.

### A.    Plaintiff's Copyright Infringement Claim

To state a claim for copyright infringement under the Copyright Act, "a plaintiff must show (1) that he owns a valid copyright and (2) that the defendant copied constituent elements of the copyrighted work that are original." *Pronman v. Styles*, 645 F. App'x 870, 873 (11th Cir. 2016); *see also Herzog v. Castle Rock Ent.*, 193 F.3d 1241, 1247-48 (11th Cir. 1999). However, there are certain works, that, by their nature, are not subject to copyright protection, such as "words and

short phrases such as names, titles, and slogans . . . ." 37 C.F.R. § 202.1(a) (listing "Material not subject to copyright").

The court interprets Plaintiff's complaint to allege a claim for copyright infringement based on Defendant's use of Plaintiff's name in their security agreement without providing Plaintiff with compensation. (Doc. # 1 ¶ II). This claim fails as a matter of law because as noted in 37 C.F.R. § 202.1(a), names are not subject to copyright. 37 C.F.R. § 202.1(a). To the extent that Plaintiff argues that Defendant "never copyrighted his name . . . [it] copyrighted an entity name" (Doc. # 28), this claim also fails as a matter of law. First, Plaintiff never identifies the specific entity name that was allegedly copyrighted. This leaves the court to construe the entity name to be "MR ANTHONY CRAIG TRUST & ANTHONY CRAIG JR ESTATES," which appears on a copyright certificate that Plaintiff submitted with his complaint. (Doc. # 1 at 3). Although Plaintiff alleges, "The copyright . . . is good in 196 countries, stated by the copyright depot" (Doc. # 28 at 1), this does not support a copyright claim. The entity name was never used by Defendant in its dealings with Plaintiff, and, further, because an entity name is only a name, it is not subject to copyright protection. *See* 37 C.F.R. § 202.1(a). To support his argument, Plaintiff asserts, "The name has a lien attached to it," and "[t]he name is copyrighted by common law, not statutory law." (Doc. # 30). The court finds these arguments without merit. Neither argument shows that Plaintiff had a valid copyright.

But even if Plaintiff adequately claimed he owns a valid copyright in either his name or an entity name (and, to be clear, he has not) and thus satisfies the first element of a claim for copyright infringement, he would still fail to satisfy the second element because a name does not meet the originality requirement. In *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, the Supreme Court held that names were "uncopyrightable facts," reasoning that "[t]he originality requirement 'rule[s] out protecting . . . names. . . .'" 499 U.S. 340, 361 (1991) (quoting L. Ray Patterson and Craig Joyce,

*Monopolizing the Law: The Scope of Copyright Protection for Law Reports and Statutory Compilations*, 36 UCLA L. REV. 719, 776 (1989)). "As a constitutional matter, copyright protects only those constituent elements of a work that possess more than a *de minimis* quantum of creativity." *Id.* at 363. An individual's name or an entity name are neither original nor creative – they are simply facts, which are not copyrightable. Therefore, Plaintiff has failed to establish the essential elements for a copyright infringement claim.

### B.      Plaintiff's Contract Fraud Claim

Rule 9(b) of the Federal Rules of Civil Procedure requires a claim based on fraud to be plead with particularity: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) imposes a heightened pleading standard, requiring the Plaintiff to plead "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiff[]; and (4) what the defendant[] gained by the alleged fraud." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1216 (11th Cir. 2020) (citing *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010)).

Even given his pro se status, Plaintiff's allegations of contract fraud lack both specificity and clarity. In his complaint, Plaintiff only alleges, "This also involves copyright infringement, and contract fraud. TITLE MAX OF ALABAMA INC IS HOLDING THE CAR TITLE THAT HAS A CLAIM ON IT." (Doc. #1 ¶ II). These allegations clearly lack specificity – there is no indication of when, where, or how Defendant allegedly committed fraud. Plaintiff's statement that Defendant is holding the car title is not so obviously fraudulent, especially in light of the fact that Plaintiff admitted he contracted with Defendant. (Doc. # 1 ¶ II) ("Defendant, TITLEMAX OF ALABAMA INC., (sic) contracted with the plaintiff $900.00"). Relatedly, he alleges "The plaintiff

has never seen the original contract with all the details exposed . . . ." (Doc. # 20 ¶ I). However, notwithstanding this allegation, Plaintiff attached the contract to his complaint. (Doc. # 1 at 5-11).

Plaintiff has failed to refute Defendant's arguments for judgment in its favor. He has not sought to amend his pleadings to support any legally cognizable claim. He continues to assert conclusory arguments such as, "The defendant never swore under penalty of perjury that a loan was issued by TITLEMAX OF ALABAMA INC." (Doc. # 28 at 1), and ask questions that the court finds irrelevant: "Is TITLEMAX OF ALABAMA INC, the creditor or borrower" (Doc. # 28 at 2), "Is TITLEMAX OF ALABAMA INC, a foreign or domestic Entity?" (Doc. # 28 at 2), and "Did an employee from TITLEMAX OF ALABAMA INC., turn the contract into a register security?" (Doc. # 28 at 2). In sum, Plaintiff has not provided any *factual* allegations to support his claim for contract fraud.

Plaintiff also makes various arguments that lack both factual and legal support. For example, he asserts, "The plaintiff is not a minor, Meaning they should never asked for the plaintiff's social security number." (Doc. # 20 at 1). And he avers numerous times that Defendant needs to provide "an affidavit sworn under penalty of perjury that a Loan was issued between the plaintiff and the defendant." (Doc. # 20 at 1). Based on these allegations, to the extent that Plaintiff is arguing a claim for fraud in the inducement, he has failed to plausibly plead such a claim. In Alabama, "fraud in the inducement consists of one party's misrepresenting a material fact concerning the subject matter of the underlying transaction and the other party's relying on the misrepresentation to his . . . detriment in executing a document or taking a course of action." *Oakwood Mobile Homes, Inc. v. Barger*, 773 So. 2d 454, 459 (Ala. 2000). Plaintiff has made no more than a conclusory allegation of contract fraud and has failed to specify what material fact was misrepresented to him or how he was fraudulently induced to sign the contract.

The court also notes that Plaintiff has made irrelevant arguments regarding Defendant's attorneys: "[Attorneys for Defendant] do not have first-hand knowledge of the situation . . . ." (Doc. # 38 at 1), "Do the defendant, counsel, have a license to practice law? . . . Does the defendant counsel know the difference between legally and lawfully?" (Doc. # 28 at 2), "Until the defendant brings forth the original parties at the closing table and swears under penalty of perjury, nothing the attorney or his affiliate say has credibility." (Doc. # 36 ¶ 5). These assertions are frivolous. The attorneys representing Defendant need not have first-hand knowledge of the facts in order to present their arguments; they are only acting as representatives of Defendant. Moreover, the attorneys are licensed to practice law, which is clear from their Alabama State Bar Identification Numbers that are included on every filing they have entered.

Because Plaintiff's claim for contract fraud fails to meet the pleading requirements under Rule 9(b), Defendant is entitled to judgment on this claim.

### C.     Leave to Amend Would be Futile

The court recognizes that "[g]enerally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v.* Walker, 620 F. App'x 709, 711 (11th Cir. 2015) (emphasis omitted). However, for at least two reasons, this is not a situation where allowing an amendment in lieu of dismissal is appropriate. First, a district court is not required to grant leave to amend where – as here – an amendment would prove futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) ("Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage.") (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Any amendment by Plaintiff would be futile because no matter how he may repackage his allegations, he cannot plausibly plead a valid claim.

Second, Plaintiff does not have an automatic right to amend his complaint. Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend his complaint as of right before an answer is served. Fed. R. Civ. P. 15(a)(1). Here, Defendant has answered. That is, Plaintiff first filed his complaint on April 10, 2024 (Doc. # 1) and Defendant filed an answer on July 16, 2024. (Doc. # 13). Plaintiff had over three months to request to amend his complaint, but did not do so. Because the time period for Plaintiff to amend his complaint as of right has expired, the opportunity to amend may only be given if the opposing party gives written consent or the court grants leave. Fed. R. Civ. P. 15(a)(2). The court understands that leave should be freely given when justice requires. *Id.* Defendant has not provided consent. And, justice does not require leave here because, again, Plaintiff had the opportunity to amend and, in any event, any amendment would be futile.

## VI.   Conclusion

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings or, in the Alternative, Motion to Compel Arbitration. (Doc. # 27) is due to be granted in part. Defendant is entitled to judgment on the pleadings. Its request to compel arbitration is moot. A separate order entering judgment on the pleadings will be entered.

**DONE** and **ORDERED** this October 29, 2024.

R. DAVID PROCTOR
CHIEF U.S. DISTRICT JUDGE